STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-724

SASOL NORTH AMERICA, INC.

VERSUS

BETTY BOLTON, EDWARD BOLTON AND GLENN BOLTON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-1988
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Patrick Gallaugher, Jr.
Robert E. Landry
Scofield, Gerard, Pohorelsky, Gallaugher
& Landry
P.O. Drawer 3028
Lake Charles, Louisiana 70602
(337)433-9436
COUNSEL FOR DEFENDANT/APPELLANT:
    Sasol North America, Inc.

**Russell Stutes, Jr.**
**P. Jody Lavergne**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, Louisiana 70601**
**(337)433-0022**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Betty Ann Bolton**
    **Edward Bolton**
    **Glenn Bolton**

**PICKETT, Judge.**

Pipeline owner appeals the trial court's grant of summary judgment in favor of the defendants, arguing the judgment was improperly granted because the defendants offered and it accepted an oral offer to renew the pipeline right of way at issue for thirty years. For the following reasons, we affirm the judgment.

## FACTS

In 1979, Betty Ann Bolton, M. B. Bolton, Jr., and Continental Oil Company entered into a right of way agreement for the construction of a pipeline across a portion of the Boltons' property in Calcasieu Parish. The right of way agreement expired pursuant to its terms in February 2009. Thereafter, Mrs. Bolton[1] and Sasol North America, Inc. (Sasol), which had acquired Continental Oil Company's rights under the right of way agreement, began negotiating an extension of the servitude. They did not finalize an agreement, however, and Sasol filed suit in 2011. Sasol asserted that Mrs. Bolton had made an oral offer to extend the right of way an additional thirty years for $50,000, which it accepted, but she refused to consummate their agreement. It sought a judgment declaring an oral contract existed between it and Mrs. Bolton and ordering the Boltons to fulfill the terms of the contract. The Boltons answered Sasol's petition, denying they offered to renew the right of way and averring requests by Sasol for a renewal had been rejected.

Pointing to La.Civ.Code art. 1839, the Boltons filed a Motion for Summary Judgment, arguing Sasol failed to prove it has a valid pipeline right of way. Article 1839 requires that transfers of immovable property be in writing. It also acknowledges the validity of oral transfers if possession of the property is actually

---

[1]Mr. Bolton had died, and pursuant to a Judgment of Possession issued in 1994 in his succession, Mrs. Bolton is the owner of an undivided fifty percent interest in the property on which the pipeline is situated and usufructuary of the remaining fifty percent interest in the property; the Boltons' two sons are naked owners of that remaining fifty percent interest.

transferred and the transfer is acknowledged under oath by the transferor. The Boltons supported the motion with excerpts of Mrs. Bolton's deposition testimony and an affidavit in which she denied that she agreed to renew the right of way for $50,000.

Sasol opposed the motion, arguing that Mrs. Bolton orally offered to renew the right of way for thirty years in exchange for $50,000, if it built a fence enclosing the pipeline and repaired damages on the right of way caused by third parties. Sasol asserted that it accepted Mrs. Bolton's terms and that their agreement satisfied the requirements of a lease as provided in La.Civ.Code art. 2668.

After a hearing, the trial court granted the judgment. Sasol filed a motion for new trial which was denied; it appealed.

## ISSUE PRESENTED FOR REVIEW

The pleadings and the parties' arguments on the merits of the trial court's judgment present one issue for our review: Did the trial court err in granting summary judgment in favor of the Boltons?

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *La. Safety Ass'n of Timbermen-Self Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23 (La. 6/26/09), 17 So.3d 350. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be

2

construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The initial burden of proof is on the movant to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, he need not "negate all essential elements of the adverse party's claim," but he must show "there is an absence of factual support for one or more elements essential [to the] claim." *Id*. Once the movant has met his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial." *Id*.

## DISCUSSION

The Boltons argue in their motion for summary judgment that Sasol is seeking to enforce a predial servitude as provided in La.Civ.Code art. 708 and, therefore, must satisfy the requirements of La.Civ.Code art. 1839. Article 1839 requires that a transfer of immovable property be in writing. The Boltons contend, therefore, that Sasol's claim of an enforceable oral contract between it and Mrs. Bolton is without merit and that they are entitled to summary judgment dismissing Sasol's suit.

There are two types of servitudes. Predial servitudes exist in favor of a dominant estate on a servient estate. La.Civ.Code art. 646. There is no evidence that the right of way at issue is a predial servitude because Sasol has not been shown to be the owner of a dominant estate. The facts in the record indicate the right of way is a personal servitude rather than a predial servitude. For purposes of this case, however, the differences between personal and predial servitudes have no bearing on our consideration of the Boltons' motion.

3

A right of way is a personal servitude of right of use that "confers in favor of a person a specified use of an estate less than full enjoyment"; it may be established in favor of a legal entity. La.Civ.Code arts. 639, 641. Rights of use are incorporeal immovables. La.Civ.Code art. 470. Accordingly, they are subject to the writing requirement of La.Civ.Code art. 1839. *See Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131. If no writing exists, an oral transfer of immovable property can only be proved "when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath." La.Civ.Code art. 1839.

Sasol opposes the Boltons' motion, arguing that Mrs. Bolton offered to renew the right of way for a period of thirty years in exchange for the payment of $50,000 and that it accepted her terms. Sasol contends that while the Agreement could be a personal servitude, it also satisfies the requirements of Article 2668 and is not subject to the requirements of Article 1839.

Article 2668 provides that a lease is an agreement between a lessor and a lessee in which the lessee is given "the use and enjoyment of a thing for a term in exchange for a rent." Article 2668 further provides, however, "The consent of the parties as to the thing and the rent is essential but not necessarily sufficient for a contract of lease." Pertinent to this latter provision, Revision Comment (d) to Article 2668 (emphasis added) explains:

> Without an agreement as to the thing and the rent, there cannot be a contract of lease. On the other hand, the existence of such an agreement does not necessarily mean that a contract of lease has come into existence if the parties did not so intend. For example, if, despite agreement on the thing and the rent, it is understood that the parties will not be bound until they agree on other terms of the contract, then there is no lease until these terms are agreed upon. Similarly, **even if the parties intended to be bound upon their agreement as to the thing and the "rent," the resulting contract may or may not be one of lease, depending again on the intent of the parties. For example, if the right intended to be conveyed has the attributes of**

4

**a real right such as a personal servitude or a limited personal servitude of use, then the contract is not a lease, even though the parties used terms like "rent" or "lease."** *Cf.* C.C. Art. 730 (Rev. 1977).

Sasol attached to its Petition a copy of the Right of Way Agreement (the Agreement) it prepared and submitted to Mrs. Bolton for her to sign. The Agreement states that Mrs. Bolton grants Sasol "an easement and servitude" and the terms "right of way" and "Right of Way Agreement" are used throughout it. The Agreement also provides that if the pipeline ceases operation for a period of twenty-four months or more, all rights "terminate and the land covered by this servitude shall revert to Owner, its successors and/or assigns." Notably, the Agreement does not use either of the terms "rent" or "lease," and it appears as though Sasol only began using these terms in response to the Boltons' Motion for Summary Judgment.

Notwithstanding the fact that a right of way may be the subject of a lease as Sasol argues, the quoted terminology shows Sasol considered the right of way it sought to renew with Mrs. Bolton to be a "servitude" as contemplated by Revision Comment (b) to Article 2688. For these reasons, we find no error with the trial court's conclusions that La.Civ.Code art. 1839 governs the issues presented by Sasol's Petition.

Sasol has not presented evidence that a genuine issue of material fact exists which prohibits summary judgment in favor of the Boltons. Specifically, Sasol has not shown that the Agreement was reduced to writing, and it has not controverted Mrs. Bolton's deposition testimony and affidavit that she did not offer and/or agree to renew the right of way for thirty years for the sum of $50,000. Accordingly, we find no error with the trial court's grant of summary judgment.

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to Sasol North America, Inc.

**AFFIRMED.**